IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DAVID MACK MAHER,            )
                             )
         Plaintiff,          )
                             )
v.                           )   Case No. CIV-18-406-RAW-KEW
                             )
COMMISSIONER OF THE SOCIAL   )
SECURITY ADMINISTRATION,     )
                             )
         Defendant.          )

### REPORT AND RECOMMENDATION

Plaintiff David Mack Maher (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 64 years old at the time of the ALJ's latest decision. Claimant completed his education through the eighth grade but received his GED while in the military. Claimant has

3

worked in the past as an accounting clerk. Claimant alleges an inability to work beginning December 8, 2009 due to limitations resulting from diabetes, diabetic neuropathy, alcoholism, hepatitis C, depression, and anxiety.

## Procedural History

On September 8, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Lantz McClain ("ALJ") issued an unfavorable decision on September 26, 2012. On June 9, 2015, United States District Judge Ronald A. White adopted the Report and Recommendation of the undersigned, reversed the ALJ's decision, and remanded the case for further proceedings.

On remand, the same ALJ conducted an additional video administrative hearing on December 14, 2015. Claimant appeared in Muskogee, Oklahoma while the ALJ presided from Tulsa, Oklahoma.

On January 29, 2016, the ALJ entered another unfavorable decision. On June 30, 2017, this Court again reversed the ALJ's decision and the matter was remanded for further proceedings.

On remand, a different ALJ, James Stewart, conducted an

4

additional administrative hearing by video on September 14, 2018 with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On October 3, 2018, the ALJ issued a third unfavorable decision. Claimant declined to file an objection with the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform his past relevant work as an accountant tech.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to apply the correct legal standard or giving legitimate reasons for rejecting the government employer's certification and FERS determination that Claimant could not perform his past relevant work; (2) failing to make the required findings at step four on the mental and physical demands of Claimant's past relevant work and failed to perform the legally required function-by-function analysis.

**Consideration of the Government Determination of Disability**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus with neuropathy and arthralgia of the left wrist. (Tr. 720). The ALJ concluded that Claimant retained the RFC to perform a full range of sedentary work except he could not climb ladders, ropes, or scaffolds. He also determined Claimant could engage in reaching in all directions, handling, and fingering frequently bilaterally. (Tr. 724).

After consulting with a vocational expert, the ALJ concluded Claimant could perform his past relevant work as an accounting tech finding that "[t]his work did not require the performance of work-related activities precluded by the claimant's [RFC]." (Tr. 732). As a result, the ALJ found Claimant was not disabled under a disability from the onset date of December 8, 2009 through December 31, 2014, the date last insured. (Tr. 733).

Claimant contends that the ALJ failed to provide an appropriate basis for rejecting the finding of the government agency for which Claimant worked when it determined that he was disabled for purposes of obtaining disability retirement benefits through the Federal Employees Retirement System ("FERS"). The

Office of Personnel Management ("OPM") in Washington, D.C. informed Claimant's application for disability retirement on May 11, 2010. (Tr. 124). The OPM also stated that, while Claimant asserted that he was disabled "due to multiple conditions," the medical records indicated to OPM that he was disabled from his position as an Accounting Technician "due to Diabetes only." (Tr. 127).

Soc. Sec. R. 06-03p, promulgated on August 9, 2006, states that although a determination by another agency is not binding on the Social Security Administration, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered. The ALJ should explain the consideration given to these decisions. 2006 WL 2329939 at 6-7; Baca v. Department of Health and Human Services, 5 F.3d 476, 480 (10th Cir. 1993); Grogan v. Barnhart, 399 F.3d 1257, 1262-1263 (10th Cir. 2005). Soc. Sec. R. rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L.Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

The ALJ explained in his decision that he gave the OPM disability finding "little weight" because (1) the disability determination used by the OPM for disability retirement

7

consideration and the Social Security Administration "are fundamentally different"; (2) OPM does not make a function-by-function assessment of a claimant's capabilities by arriving at an RFC as is accomplished by the ALJ in a Social Security case; (3) the OPM determination is focused upon Claimant's past job "as actually performed" but the ALJ turned his decision on whether Claimant could return to his job "as generally performed"; and (4) the OPM opinion is not a medical opinion, but rather a vocational opinion.

This Court has previously remanded this case based upon the fact that the ALJ found Claimant could perform his past relevant work as an accounting technician when his prior employer stated he could not.  In this appeal and in the ALJ's decision currently before the Court, the ALJ and Defendant make it clear that the finding at step four is based upon whether Claimant could perform the job as generally performed rather than as he actually performed it.  This clarification ameliorates the seeming inconsistency in the prior positions taken by Defendant and satisfies the Court that the OPM decision was adequately considered.  The ALJ stated that he considered the OPM decision and provided valid reasons for deviating from that agency's findings.  Consideration of the OPM disability finding was sufficient with these clarifications.

McFerran v. Astrue, 437 F. App'x 634, 638 (10th Cir. 2011) ("This court's 'general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter.'. . . Moreover, Mr. McFerran 'has not pointed to any specific factual finding or evidence in the [VA] determination that should have changed the [ALJ's] decision.' . . . ."). In this regard, this Court would note that the OPM determination made clear that the basis for the finding of disability was Claimant's diabetes.

### Step Four Analysis

Claimant contends the ALJ failed to perform a function-by-function analysis in the third phase of his determination at step four. In analyzing Claimant's ability to engage in his past work at step four, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996).

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). It is in this phase that Claimant challenges the ALJ's findings. The ALJ deferred entirely to the vocational expert's testimony in this phase, noting that the expert testified

that given the RFC and that Claimant's past relevant work had a reasoning level of 4, Claimant could perform his past relevant work. (Tr. 733). The expert testified that an accounting technician is skilled work with an SVP of 5, sedentary exertion with a DOT number of 216.483-010. (Tr. 833). The ALJ included a hypothetical question which incorporated the RFC. The expert stated the individual with that RFC could perform the accounting technician job but if the individual could not complete an eight hour day, five days a week, the work was not available. (Tr. 834). The ALJ also engaged in curious exchanges with the psychological expert, Dr. Cole, during the administrative hearing. He essentially asked the medical expert about vocational findings, such as familiarity with the reasoning levels in the *Dictionary of Occupational Titles*. (Tr. 752). Nothing in the case authority and the regulations permit the incorporation of and reliance upon a medical expert's testimony on a vocational finding at phase two of the Winfrey analysis.

Additionally, the vocational expert essentially parrots the content of the *Dictionary of Occupational Titles* without any analysis of the job as it is generally performed nationally or as Claimant performed it. This problem is exacerbated by the fact that Claimant's problems include mental problems that suggest

Claimant cannot perform complex tasks and the scant information on Claimant's ability to perform the past relevant work in light of the mental demands of his job is missing from the ALJ's examination of the vocational expert and his decision.  Banks v. Colvin, 547 Fed. Appx. 899, 904 (10th Cir. 2013).  On remand, the ALJ shall explore the mental demands of the various jobs and whether Claimant can perform those jobs in light of the restrictions contained in the RFC.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one.  Winfrey, 92 F.3d at 1023.  This phase will be revisited on remand after reevaluation at phase two.

This Court must make mention of the extended pendency of this case.  The original application for benefits was filed almost ten years ago.  The case has been remanded on multiple occasions, primarily for the same reason – a faulty step four analysis of Claimant's past relevant work.  The hearing testimony on this latest remand was confusing and convoluted and did not reach the step four findings as required by the regulations and the case law.  In any future appeal of this case, this Court will consider recommending to the presiding judge that benefits be awarded should

the issue on appeal once again turn on the step four analysis. The ends of justice deserve no less to be properly served.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE